Timothy F. Coons, #031208
Timothy@DentonPeterson.com
Elena J. Cottam, #032077
Elena@DentonPeterson.com

**DENTON PETERSON, PC**
ATTORNEYS & COUNSELORS AT LAW

1930 N. ARBOLEDA ROAD, SUITE 200
MESA, ARIZONA 85213
TELEPHONE: (480) 325-9900
FACSIMILE: (480) 325-9901

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **David Rogers**, <br><br> Plaintiff, <br><br> v. <br><br> **Raytheon Company,** a foreign corporation doing business in Arizona. <br><br> Defendant. | No. 4:17-cv-00073-JAS <br><br> **FIRST AMENDED CLAIM FOR DISABILITY DISCRIMINATION AND RETALIATION PURSUANT TO 42 U.S.C. §§ 12101 ET SEQ. AND A.R.S. §§ 41-1461 ET SEQ.** <br><br> (Assigned to the Honorable James A. Soto) |

Plaintiff, David Rogers, allege as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff is a former employee of Raytheon Company ("Defendant") who was discriminated against based on his disabilities and retaliated against after filing a charge for disability discrimination with the Equal Employment Opportunity Commission in violation of the Americans with Disabilities Act 42 U.S.C. §§ 12101 et al and the Arizona Civil Right Act A.R.S. §§ 41-1461 et seq.  Plaintiff filed two EEOC Charges.  His first Charge was filed on May 4, 2016.  He was issued a right to sue on November 23, 2016.  His second Charge was filed on March 2, 2017.  He was issued a right to sue on May 1, 2017.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of the Plaintiffs occurred within the District of Arizona, and Defendant regularly conduct business in and have engaged in the wrongful conduct alleged herein and, thus, are subject to personal jurisdiction in this judicial district.

## PARTIES

4.      At all relevant times alleged herein, Plaintiff resided in the State of Arizona in Pima County.

5.      Plaintiff worked for Defendant Raytheon Company ("Raytheon") from March 17, 2012 to October 20, 2016 when he was constructively discharged.

6.      Defendant Raytheon is in the business of making missiles and missile defense systems.

7.      Defendant Raytheon is a Delaware corporation doing business in Arizona and was at all relevant times a "covered entity" under the American with Disabilities Act.

## FACTUAL ALLEGATIONS

8.      Plaintiff was hired as a Manager III Grade 6 with Raytheon and worked in Saudi Arabia from 2012 – 2014.

9.      In May of 2014, Plaintiff transferred to Defendants worksite in Tucson Arizona.

10.      In or around May of 2015, Plaintiff informed his managers at Raytheon that he would suffered from certain disabilities that required him to see his VA physician on a regular basis.

11.      Following that time, Plaintiff began to experience adverse employment actions, including be assigned mostly secretarial duties, doubling Plaintiff's workload, failing to provide Plaintiff with a job description, providing Plaintiff an inappropriate written warning, denying Plaintiff job promotions, yelling at Plaintiff and berating Plaintiff in front of other employees.

12.      Plaintiff notified Defendant's Human Resources Department of the adverse employment actions in September of 2015.  However, nothing was done.

DENTON PETERSON, PC
ATTORNEYS • COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

2

DENTON PETERSON, PC
ATTORNEYS · COUNSELORS · AT · LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13.    Due to the increased stress experienced at the job, Plaintiff suffered from two transient ischemic attacks in November 2015.

14.    Plaintiff notified Defendant of these health concerns and requested a reasonable accommodation to have a modified work schedule for a short period of time.  Defendant denied this request.

15.    Instead, Defendant placed Plaintiff on a performance improvement plan on December 10, 2015 and requested him to complete additional work.

16.    Because of Defendant's actions, Plaintiff's doctor requested that he be placed on short term disability in January 2016 and subsequently long term disability in March of 2016.

17.    In May of 2016, Defendant suggested that Plaintiff review open positions to which he could transfer.  After sending a list of potential opportunities, Defendant changed its mind and stated that he was not eligible for transfer.

18.    On June 29, 2016, Plaintiff's physician sent a letter to Defendant stating that Mr. Rogers was able to return to work in the next three weeks, but that he would benefit from "a reduced work load to assist with transitioning into full time employment" and that he would need to be provided a "clear job description in writing", "a clear supervisory chain".  If those could not be provided, then it would "be best that he be unilaterally transferred to another department".

19.    Defendant did not follow up with Plaintiff's physician and did not implement any of the requested accommodations. Additionally, Defendant did not initiate any return to work procedures despite Plaintiff's attempts to contact Defendant.

20.    On August 8, 2016, Plaintiff's physician sent another accommodations request, noting that she had not heard from Defendants since her last letter. This letter stated in part:

3

Since providing the June 29, 2016 letter, I have not received any communication from Mr. Rogers' employer. Mr. Rogers has informed me that his employer has yet to provide him with the accommodations I requested and has not even placed him back at work yet. Uncertainty and sudden changes only heightens Mr. Rogers' anxiety. To add to my previous letter, I request that Mr. Rogers be provided with the following accommodations:

- A clear supervisory chain, different from the individuals who previously supervised him before his medical leave as this was a major cause of Mr. Roger's anxiety;
- A clear job description outlining what jobs Mr. Rogers will be expected to perform and specific objectives that Mr. Rogers needs to reach in order to succeed;
- A transition period of two weeks where he works part-time and then he is transitioned to full-time; and,
- Intermittent leave relating to flare-ups of anxiety or depressions.

21. Still Defendant failed to address Plaintiff's accommodation requests. Rather, Defendant, suggested that it could not provide all the requested accommodations and that Mr. Rogers would need to return without certain accommodations being granted, thus further jeopardizing his health.

22. Additionally, despite previously not being willing to offer Mr. Rogers an accommodation, Defendant suggested that they would be willing to transfer Mr. Rogers to a demoted position, but not to a lateral position.

23. During this time, Defendant placed several hurdles in front of Mr. Rogers in his potential return to work by changing his point of contact numerous times, asking for him to resubmit his doctors accommodation requests, requiring that he submit to a health exam by Company doctors before returning to work, requesting that he meet with a supervisor who retaliated against him previously, among other things.

24. While for all intents and purpose, Defendant had terminated Plaintiffs employment, Defendant maintained Mr. Rogers in the status of indefinite leave without pay. By doing this, Raytheon was essentially holding Mr. Rogers hostage without pay not allowing him to access his 401k and/or unemployment benefits.

25. Due to the increased discrimination faced by Mr. Rogers following his May 2016 filing of a Charge against Defendant, Mr. Rogers filed a second Charge with the Arizona Civil Rights Division in early October 2016, for retaliation.

DENTON PETERSON, PC
ATTORNEYS · COUNSELORS · AT · LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

26.     Due to the increased discrimination and retaliation, the failure of Defendant to grant the reasonable accommodations requested, and Mr. Rogers being held hostage without pay, Mr. Rogers was constructively discharged from employment with Defendant on October 20, 2016.

27.     Mr. Rogers was provided a right to sue on his May 4, 2016 Charge on November 23, 2016 as requested by Mr. Rogers.

28.     Mr. Rogers was provided a right to sue on his March 2, 2017 Charge on May 1, 2017 as requested by Mr. Rogers.

**COUNT ONE**

**Unlawful Discrimination**

**42 U.S.C. §§ 12101 et seq. and A.R.S §§ 41-1461 et seq.**

29.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

30.     In or around May of 2015, Plaintiff informed Defendant of certain disabilities.

31.     Defendant began to engage in a pattern of discriminating against Plaintiff.

32.     Defendant's actions resulted in Plaintiff suffering health issues in November 2015.

33.     Instead of providing Plaintiff with a reasonable accommodation of a modified work schedule, Defendant placed Plaintiff on a Performance Improvement Plan in December 2015.

34.     Plaintiff then was placed on leave, at first short term and then long term, beginning in January 2016.

35.     Plaintiff continued to discriminate against Plaintiff until his constructive discharge on October 20, 2016.

36.     Defendant's actions are a violation of 42 U.S.C. §§ 12101 et seq. and A.R.S. §§ 41-1461 et seq.

37.     As a direct result of Defendants unlawful discrimination, Plaintiff has suffered damages in an amount to be proven at trial.

DENTON PETERSON, PC
ATTORNEYS · COUNSELORS · AT · LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

## COUNT TWO

### Unlawful Retaliation

### 42 U.S.C. § 12203 and A.R.S. § 41-1464

38.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39.     Following the time that Plaintiff filed a charge in May of 2016, Defendant took steps to make it difficult for Plaintiff to return to work including but not limited to, falsely promising that he could transfer positions, but not allowing the transfer, changing his point of contact numerous times, asking for him to resubmit his doctors accommodation requests, requiring that he submit to a health exam by Company doctors before returning to work, requesting that he meet with a supervisor who retaliated against him previously, among other things.

40.     These actions were in direct retaliation for Plaintiff brining a Charge of Discrimination against Defendant.

41.     As a direct result of Defendants unlawful retaliation, Plaintiff has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief in Plaintiffs' and against Defendant:

A.     For the Court to award compensatory, incidental, and consequential damages to be determined at trial;

B.     For the Court to award punitive damages for Defendants knowing violation of the law in an amount to be determined at trial;

C.     For the Court to award prejudgment and post-judgment interest;

D.     For the Court to award Plaintiffs' reasonable attorneys' fees and costs of the actions pursuant to any applicable law and all other causes of action set forth herein;

E.     Such other relief as this Court shall deem just and proper.

1

**DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby request that upon trial of this action, all issues be submitted to and

3  determined by a jury except those issues expressly reserved by law for determination by the

4  Court.

5

6          RESPECTFULLY SUBMITTED this 15th day of May 2017.

7

8                                          **DENTON PETERSON, P.C.**

9
                                           /s/  Timothy F. Coons
10                                         Timothy F. Coons
                                           Elena J. Cottam
11                                         1930 N. Arboleda Road, Suite 200
                                           Mesa, AZ  85213
12                                         *Attorneys for Plaintiffs*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28